# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GUANYU (SHENZHEN) ELECTRONIC TECHNOLOGY CO. LTD.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>*Defendants*. | **Civil Action No. [ ]** |

**<u>DECLARATION OF CONG PENG</u>**

I, Cong Peng, declare and state as follows:

1.      This declaration is based upon my personal knowledge of the facts stated herein. If called as a witness, I could and would testify to the statements made herein.

2.      I am an individual residing in the People's Republic of China.

3.      I am the CEO of Plaintiff Guanyu (Shenzhen) Electronic Technology Co., Ltd ("Guanyu" or Plaintiff).

4.      Guanyu is the sole owner of all rights over the U.S. Design Patent D892,046 ("Design Patent") as shown in Exhibit 1-A.

5.      Plaintiff manufactures and sells wireless chargers that embody the Design Patent ("Guanyu Wireless Chargers") through a network of distributors on Amazon.com and other marketplaces in the United States.

6.      The authentic Guanyu Wireless Chargers are popular on Amazon and enjoy quality customer reviews and high ratings. Plaintiff sold at least 1.3 million units of the authentic Guanyu Wireless Chargers in the United States in 2021.

7.      Copycats of the Guanyu Wireless Chargers began to show up in U.S. marketplaces in late 2021.  Low-quality and lower-priced copycat products soon flooded the market and led to a significant drop of the sales of the authentic Guanyu Wireless Chargers. Guanyu's sales dropped from 1.3 million units to 950,000 units in 2022, a 27% decrease from 2021. The sales price of wireless chargers embodying the Guanyu Design Patent also dropped from an average of $32 dollars/unit to about $26 dollars/unit.

8.      I perform, supervise, and/or direct investigations related to Internet-based infringement of the Design Patent. My investigation shows that Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products, namely wooden decors that directly infringe Guanyu's Design Patent. I, or someone working under my direction, analyzed each of the Online Marketplace Accounts identified in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"), and determined that Infringing Products were being offered for sale to residents of the United States, including residents of this state. This conclusion was reached through visual inspection of the products listed for sale on each Defendant Internet Store, the price at which the Infringing Products were offered for sale, other features commonly associated with websites selling infringing products, and because Guanyu has not granted a license or any other form of permission to Defendants with respect to its Design Patent.  In addition, each Defendant Internet Store offered shipping to the United States, including this state. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 1 to Plaintiff's Complaint.

2

9.      Plaintiff has not licensed or authorized Defendants to practice the Design Patent, and none of the Defendants are authorized resellers of licensed products.

10.      Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

11.      Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, such offering for sale similar if not identical products, using similar if not identical images and product descriptions, and using multiple similar if not identical store names to offer the infringing products.

12.      In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

13.      Infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of our enforcement efforts. On information and belief, Defendants maintain

3

offshore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. They regularly transfer funds out of reach of U.S. courts and plaintiffs once the receive notice of a lawsuit.

14.     Monetary damages cannot adequately compensate us for ongoing infringement because monetary damages fail to address the damage to our control over our rights in the Design Patent and our reputation, associated goodwill, and ability to exploit the patented design. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to our control over our rights in the Design Patent, our reputation, the goodwill associated therewith, and ability to exploit the patented design by acts of infringement.

15.     Plaintiff's goodwill and reputation are irreparably damaged by the making, using, offering for sale, selling, or importing of goods that infringe the Design Patent. Moreover, our brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to our established reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

16.     Plaintiff is further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the Design Patent because infringers remove our ability to control the nature and quality of the Infringing Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the patented design and, in turn, loss of control over my reputation is neither calculable nor precisely compensable.

17.     The making, using, offering for sale, selling, or importing of goods featuring the patented design and not authorized, produced, or manufactured by us is likely causing and will continue to cause consumer confusion, which weakens our product's brand recognition and

4

reputation. Inferior quality products will result in increased skepticism and hesitance in consumers presented with our genuine patented products, resulting in a loss or undermining of our reputation and goodwill.

18.     Plaintiff is further irreparably damaged due to a loss of exclusivity. Plaintiff's products are meant to be exclusive. Marketing efforts and innovative designs are aimed at growing and sustaining sales. When infringers make, use, offer for sale, sell, or import goods featuring the patented design without my authorization, the exclusivity of my products, as well as my reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

19.     Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of November, 2023 in Shenzhen, China.


/s/ _____
Cong Peng